UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN JOHNSON, *et al.*,

    Plaintiffs,

v.

MICROSOFT CORPORATION,

    Defendant.

CASE NO. C06-0900RSM

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

    This matter comes before the Court on defendant's Motion for Judgment on the Pleadings, in which defendant asks the Court to dismiss plaintiffs' claim that under the terms of the Windows XP End User License Agreement ("EULA") each plaintiff is entitled to an award of $5.00 in liquidated damages. (Dkt. #41). Defendant argues that the provision upon which plaintiffs' claim is based is a limited liability provision, not a liquidated damages provision. Plaintiffs respond that defendant has misinterpreted the provision and they are entitled to the damages they seek thereunder. (Dkt. #51).

    Having considered defendant's motion, plaintiffs' opposition, defendant's reply, the declarations and exhibits in support thereof, and the remainder of the record, the Court hereby finds and ORDERS:

ORDER
PAGE - 1

(1) Defendant's Motion for Judgment on the Pleadings (Dkt. #41) is GRANTED. Under Rule 12(c) of the Federal Rules of Civil Procedure, any party may seek judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). A judgment on the pleadings is properly granted when, taking all of the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law. *Fajardo v. County of Los Angeles*, 179 F.3d 698 (9th Cir. 1999) (citation omitted); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

Plaintiffs argue that the instant motion is not proper because it does not dispose of an entire claim, but rather seeks to dispose of an aspect of relief requested. The Court finds plaintiffs' argument misguided. Plaintiffs themselves have alleged a claim for liquidated damages in each of the three causes of action alleged in their Amended Complaint. Further, courts in the Ninth Circuit have reviewed and dismissed claims for various damage awards, such as liquidated damages claims, on Rule 12(c) motions. *See, e.g. Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp.2d 891 (C.D. Cal. 2005) (addressing whether certain remedies were available under California's Unfair Competition Law); *see also Bordeau v. Saginaw Control & Engineering, Inc.*, 446 F. Supp.2d 766, 772 (E.D. Mich. 2006) (dismissing compensatory and liquidated damages claims). Thus, the Court turns to plaintiffs' substantive arguments.

Section 18 of the EULA at issue in this motion states:

> 18. LIMITATION OF LIABILITY AND REMEDIES. Notwithstanding any damages that you might incur for any reason whatsoever . . . the entire liability of Microsoft and any of its suppliers under any provision of this EULA and your exclusive remedy hereunder . . . shall be limited to the greater of the actual damages you incur in reasonable reliance on the Software up to the amount actually paid by you for the Software or US$5.00.

(Dkt. #51, Ex. A). The Court finds nothing ambiguous about this language; it is clear and straightforward. As written, the provision limits defendant's liability to the greater of the price actually paid for the software or $5.00. It does not establish a fixed sum, or liquidated damage amount, to serve as a proxy amount for unquantifiable or unidentifiable damages as plaintiffs assert.

ORDER
PAGE - 2

Certainly, the Court would not expect plaintiffs to argue that they should receive only $5.00 if they had actually paid $10.00 for the software.

This conclusion is supported by ample caselaw. For example, in *Western Union Tel. V. Nester*, 309 U.S. 582 (1940), the United States Supreme Court held that where a provision does not prescribe a definite liability, but rather limits the maximum permissible recovery for actual loss or damage properly alleged and proved by evidence, such clause is a limitation of liability, not a liquidated damages clause. *Western Union*, 309 U.S. at 585. Such is the instant case. Accordingly, the Court grants defendant's motion, and DISMISSES plaintiffs' claim for liquidated damages under Section 18 of the EULA.

(2) The Clerk shall send a copy of this Order to all counsel of record.

DATED this 17th day of August, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE