UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN JOHNSON, *et al.*,<br>Plaintiffs,<br>v.<br>MICROSOFT CORPORATION,<br>Defendant. | CASE NO. C06-0900RSM<br><br>ORDER DENYING PLAINTIFFS' REQUEST FOR CONTINUANCE |

**I. INTRODUCTION**

This matter comes before the Court on plaintiffs' Request for Continuance. (Dkt. #97). Pursuant to Fed. R. Civ. P. 56(f), plaintiffs seek additional time to respond to defendant's motion for partial summary judgment. (Dkt. #94). Plaintiffs argue defendant's motion for partial summary judgment addresses the merits of plaintiffs' claims, and plaintiffs contend they have only conducted class certification discovery to this point. Thus, plaintiffs move the Court to conduct further discovery to respond to defendant's motion.

Defendant's respond that the additional discovery plaintiffs seek is irrelevant to their underlying motion for partial summary judgment. Defendant also argues it has already responded to the discovery plaintiffs' seek. In addition, defendant argues that plaintiffs' motion fails to address several claims that defendant brought in its motion.

For the reasons set forth below, the Court agrees with defendant, and DENIES plaintiffs' Request for Continuance.

## II. DISCUSSION

### A. Background

Plaintiffs brought the underlying class action against defendant Microsoft Corporation ("Microsoft") on June 26, 2006.[1] In its first amended complaint, plaintiffs allege that their class action arises from "Microsoft's surreptitious installation of . . . software (called Windows Genuine Advantage ('WGA')) on millions of computers without notice to, or consent from, the owners of the computers." (Dkt. #22 at 1). Plaintiffs further allege that Microsoft's conduct violated the terms of Windows XP End User License Agreements ("EULAs") that plaintiffs entered into when installing Windows XP onto their computers. *Id.* at 2. As a result of this alleged misconduct, plaintiffs brought three counts against Microsoft: (1) Breach of Contract; (2) Violation of the Washington Consumer Protection Act, RCW 19.86.020; and (3) Trespass to Chattels, Nuisance and Interference with Use of Property. *Id.* at 17-26.

On October 18, 2007, Microsoft moved for partial summary judgment. (Dkt. #94). In its motion, Microsoft claims that plaintiffs assert four distinct breach of contract claims and that summary judgment is appropriate because the EULAs contain no contractual obligations that Microsoft breached. Microsoft also argues that three of the plaintiffs named in the first amended complaint lack standing to bring claims. After Microsoft filed its motion, plaintiffs brought the instant motion pursuant to Fed. R. Civ. P. 56(f).

### B. Standard of Review

Federal Rule of Civil Procedure 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The Ninth Circuit has explained that "[t]o prevail under Fed. R. Civ. P. 56(f), parties

---

[1] This Court has not yet ruled on whether to certify this action as a class action pursuant to Fed. R. Civ. P. 23(c).

opposing summary judgment must make (a) a timely application which (b) sufficiently identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (*quoting VISA Int'l Serv. Ass'n. v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)). Courts should grant Rule 56(f) motions if the nonmoving party has not had the opportunity to discover information essential to its opposition. *See, e.g., Burlington Northern Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (finding that where "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely").

However, the burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment. *Chance v. Pac-Tel Teletrac, Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996). Therefore a district court "does not abuse its discretion by denying further discovery if [1] the movant has failed diligently to pursue discovery in the past . . . or [2] if the movant fails to show how the information sought would preclude summary judgment." *California Union Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990) (citations omitted).

**C. Plaintiffs' Request for Continuance**

Plaintiffs allege that they need further merits-based discovery to address Microsoft's motion for partial summary judgment. Specifically, plaintiffs seek discovery of at least nineteen different matters to oppose Microsoft's motion. The discovery plaintiffs seek are all related to "what [Windows Genuine Advantage ("WGA")] is, how it interacts with the XP operating system, and the relationship between Service Pack 2 and the underlying operating system that it replaced." (Dkt. #97 at 9). However, the discovery plaintiffs seek regarding the WGA is irrelevant to Microsoft's motion which seeks dismissal of plaintiffs' breach of contract claim. The breach of contract claim arises from the EULAs plaintiffs entered into

with Microsoft, and not the WGA.

In any event, plaintiffs have already served discovery regarding WGA. For example, in plaintiffs' March 30, 2007 Rule 30(b)(6) Deposition Notice, plaintiffs' conducted a deposition to seek information regarding how Microsoft "implemented the download, initialization, and installation, and operation of [WGA]." (Dkt. #107, Quackenbush Decl., Ex. E). Additionally, plaintiffs propounded interrogatories upon Microsoft seeking, among other things: how WGA was distributed and released; how WGA operates; WGA's specifications; how the versions of WGA differ; how the WGA EULA is presented to users; how WGA is downloaded and installed; and what information is collected from user's computers by WGA. *Id.*, Ex. F.[2] Therefore plaintiffs have failed to show how additional discovery related to WGA would enhance its opposition to Microsoft's motion. "The mere hope that further evidence may develop prior to trial is an insufficient basis for continuance under Fed. R. Civ. P. 56(f)." *Cont'l Mar. of San Francisco, Inc. v. Pac. Coast Metal Trades Dist. Council*, 817 F.2d 1391, 1395 (9th Cir. 1987) (*citing Neely v. St. Paul Fire & Marine Ins. Co.*, 584 F.2d 341, 344 (9th Cir. 1978)).

In addition, plaintiffs are silent on three of the arguments raised by Microsoft's motion. First, plaintiffs fail to identify how additional discovery would relate to its breach of contract claim that Microsoft collected personally identifiable information. Second, plaintiffs fail to identify how additional discovery would relate to its breach of contract claim that Microsoft breached its implied contract by claiming that its updates were "high priority" updates. Lastly, plaintiffs fail to identify why additional discovery is needed to oppose Microsoft's arguments that three of its plaintiffs lack standing to bring their claims. Consequently, plaintiffs have failed to make a specific showing how the information they seek would preclude summary judgment.

## **III. CONCLUSION**

Having reviewed plaintiffs' motion, defendant's response, plaintiffs' reply, the

[2] Notably, plaintiffs do not address this argument in their reply.

declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiffs' Request for Continuance (Dkt. #97) is DENIED.

(2) The Clerk shall RENOTE defendant's Motion for Summary Judgment (Dkt. #94) to December 7, 2007. Pursuant to Local Rule CR 7(d), plaintiffs' response to defendant's motion shall be due on or before December 3, 2007, and defendant's reply shall be due on or before December 7, 2007.

(3) The Clerk shall provide a copy of this Order to all counsel of record.

DATED this __20___ day of November, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE