The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN JOHNSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORP., <br><br> Defendant. | CASE NO. C06-900RAJ <br><br> ORDER |

## I. INTRODUCTION

This matter comes before the court on Defendant's motion for summary judgment (Dkt. # 94) against Plaintiffs' contract claims and all claims asserted by three of the Plaintiffs. Plaintiffs have also moved for leave to file a second amended consolidated complaint (Dkt. # 130). The court has considered the parties' briefing and supporting evidence, and has heard from the parties at oral argument. For the reasons stated below, the court GRANTS Defendant's motion in part, DENIES it without prejudice in part, and GRANTS Plaintiffs' motion.

ORDER - 1

## II.  BACKGROUND

This case is a potential class action about a software program called Windows Genuine Advantage ("WGA"), created by Defendant Microsoft Corporation ("Microsoft") to verify whether a computer user's Windows XP operating system ("XP") is genuine.

When a person buys a computer with XP, he or she must install XP in order to use the computer.  During the installation process, the XP End User License Agreement ("EULA") is displayed on the user's computer screen and the user must accept its terms to complete installation of XP.  After XP is installed, it must be activated within 30 days after the user first runs the software.  During activation, the computer transmits a unique 25-character license key to Microsoft to confirm that the user's copy of XP is genuine and that the software has not already been installed on another user's computer.

In addition to the validation procedures during XP activation, Microsoft also uses WGA to verify the validity of a user's version of XP.  WGA sends information about the user's computer system to Microsoft, and sends notifications to users if their copy of Windows XP is not genuine.  WGA was made available to XP users though Automatic Updates, Windows Update, and Microsoft Update, three different XP update programs.  Windows Update and Microsoft Update are Web sites that computer users can visit to download updates.  Automatic Updates is a program that can be configured by users to automatically download certain software without specific consent from the user.

In their First Amended Consolidated Complaint (Dkt. # 22) ("First Complaint"), Plaintiffs allege that Microsoft's installation of WGA on their computers breached their XP EULAs; violated Washington's Consumer Protection Act ("CPA"), RCW 19.86.020; and constituted trespass to chattels, nuisance, and interference with the use of property. Microsoft moved for summary judgment on the EULA claims, also requesting dismissal of all claims asserted by three of the Plaintiffs.  Nearly three months after that motion had been filed, Plaintiffs moved for leave to amend their First Complaint, and have proposed a Second Amended Consolidated Complaint ("Second Complaint") that, *inter alia*,

ORDER - 2

eliminates the three disputed Plaintiffs and adds five new ones, modifies the contract claims, and adds an unjust enrichment claim.[1]  Himmelfarb Decl. (Dkt. # 131), Ex. A. Plaintiffs withdrew their class-certification motion pending resolution of their motion for leave to amend the First Complaint.

### III.  ANALYSIS

#### A.   Legal standards

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met this initial burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue exists for trial. Fed. R. Civ. P. 56(e); *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

Leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Generally, this rule is "'to be applied with extreme liberality.'" *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan*, 244 F.3d 708, 712 (9th Cir. 2001)); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  In considering whether to grant leave to amend, a court should consider the moving party's undue delay, dilatory

---

[1] The proposed Second Complaint also modifies the class definition. *Compare* First Complaint ¶ 51 *with* Second Complaint ¶ 50-52.  The court notes that, under either definition, several members of the court's personal staff are putative class members.  To avoid this conflict of interest, Plaintiffs may wish to consider whether excluding the court's staff members would be in their best interests.

ORDER - 3

motive, bad faith, or repeated failure to cure deficiencies despite previous amendments; the futility of amendment; and any undue prejudice that amendment would cause to the opposing party. *Eminence Capital*, 316 F.3d at 1051-52. Prejudice to the opposing party is the most important factor for the court to consider. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). The burden is on the opposing party to establish prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Factors supporting a finding of prejudice include a need to reopen discovery, a delay in the proceedings, and substantial additional litigation expense as a result of amendment. *Owens*, 244 F.3d at 712. A court should generally draw all inferences in favor of granting a motion for leave to amend. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

### B. Microsoft's Summary Judgment Motion is Granted in Part Because Three of the Plaintiffs Lack Standing.

Microsoft argues in its summary judgment motion that three Plaintiffs – Univex Inc. ("Univex"), Edward Mifsud, and David DiDimizio – lack standing and should be dismissed. Plaintiffs admit that Univex was administratively dissolved in 1995, and do not oppose its dismissal. Pltfs.' Add'l Resp. (Dkt. # 120) at 2. The First Complaint asserts that Mifsud and DiDimizio own computers that are running WGA (First Complaint ¶¶ 8-9). Plaintiffs now, however, admit that Mifsud and DiDimizio do not own those computers but merely use the computers owned by Plaintiff Engineered Process Controls LLC ("EPC"). Pltfs.' Add'l Resp. at 3. The proposed Second Complaint does not include Univex, Mifsud, and DiDimizio as Plaintiffs, but Plaintiffs argue for purposes of the summary judgment motion that Mifsud and DiDimizio should not be dismissed because they have standing as computer users and business owners to raise the contract and CPA claims raised in the First Complaint.[2]

---

[2]Microsoft argued in its motion that Mifsud and DiDimizio lacked standing as to all three counts listed in the First Complaint. Plaintiffs argued in response that Mifsud and DiDimizio had

ORDER - 4

Article III of the United States Constitution's Article III requires that a plaintiff show that he or she "'personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'" *Valley Forge Christian College v. Americans United for the Separation of Church & State, Inc.* 454 U.S. 464, 472 (1982) (quoting *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979)). The standing doctrine also requires that "'the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* at 474 (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

The court finds that Mifsud and DiDimizio lack standing to raise the contract and CPA claims asserted in the First Complaint. As to the contract claims, the Windows XP EULAs at issue are contracts between a computer purchaser and either the computer manufacturer or Microsoft. *See* Kirkwood Decl. (Dkt. # 95), Exs. B, D, and G; Quackenbush Decl. (Dkt. # 96), Ex. B. Mifsud and DiDimizio transferred their ownership in computers to EPC before the installation of WGA. *See* First Complaint ¶ 51; Quackenbush Decl., Ex. E at 16-18, Ex. F at 3-5. Because Mifsud and DiDimizio are not parties to a EULA and lack privity with any party, they lack standing to assert a claim for breach of a EULA. *See Lobak Partitions, Inc. v. Atlas Const. Co., Inc.*, 50 Wn. App. 493, 497 (1988) (stating that unless the parties to a contract intend to confer the benefits of the contract on a third party, a third party lacks standing to sue for breach of that contract).

Mifsud and DiDimizio also lack standing with regard to the CPA claims. A person or entity "who has been injured in his or her business or property" in violation of the CPA may bring a civil action. RCW 19.86.090. Plaintiffs claim that Mifsud and DiDimizio are entitled to bring individual CPA claims to redress the injury done to their

---

standing to bring contract and CPA claims, but did not mention the First Complaint's third cause of action: trespass to chattels, nuisance, and interference with use of property. The court views this omission as an admission that Microsoft's motion has merit as to this third cause of action. *See* Local Rules W.D. Wash. CR 7(b)(2).

ORDER - 5

1  business, EPC.  The alleged injury to business or property was suffered by EPC,
2  however, not by Mifsud and DiDimizio as individuals.  Generally even a shareholder
3  "who owns all or most of the stock, but who suffers damages only indirectly as a
4  shareholder, cannot sue as an individual." *Sabey v. Howard Johnson & Co.*, 101 Wn.
5  App. 575, 584 (2000).  Exceptions to this rule exist where a "special relationship" exists
6  between the shareholder and the defendant, or where the shareholder suffered an injury
7  that is separate and distinct from other shareholders.  *Id.* at 584-85.  Plaintiffs have not
8  alleged that either of these exceptions apply.  Because Mifsud and DiDimizio's
9  allegations of damages are based entirely on EPC's damages, they lack standing to raise
10 individual CPA claims.  For these reasons, the court DISMISSES with prejudice all
11 claims raised by Univex, Mifsud, and
12 DiDimizio.
13      The remaining issues presented in Microsoft's summary judgment motion are
14 related to the issues presented by Plaintiffs' motion for leave to amend, and will be
15 addressed after discussion of Plaintiffs' motion.

### C.     Plaintiffs Are Entitled to Leave to Amend.

Microsoft opposes Plaintiffs' motion on the grounds of undue delay and substantial prejudice.  Microsoft claims that Plaintiffs unduly delayed the filing of this motion because there is no reason why the proposed modifications could not have been made earlier.  Microsoft further alleges that if Plaintiffs are allowed to amend their complaint, it will have to conduct additional discovery and internal investigation and rewrite its class-certification opposition.

#### 1. Plaintiffs Did Not Unduly Delay Filing the Motion.

This litigation commenced almost two years ago and the original complaints were consolidated and amended more than a year ago.  Plaintiffs claim to have discovered, based on confidential documents Microsoft produced in response to discovery requests,

ORDER - 6

that certain sections of the First Complaint should be amended. Himmelfarb Decl. ¶¶ 7-8. Microsoft argues that there is no reason why Plaintiffs could not have moved for leave to amend months earlier.

While it is true that Plaintiffs could have sought amendment earlier, the delay did not include the passing of any major litigation dates, such as the closing of merits discovery or the dispositive motions deadline. *See Howey v. U.S.*, 481 F.2d 1187, 1191 (9th Cir. 1973) (holding that the fact that a party could have amended a complaint earlier does not in itself constitute an adequate basis for denying leave to amend); *cf. Swanson v. U.S. Forest Service*, 87 F.3d 339, 345 (9th Cir. 1996) (finding the Plaintiffs' motion for leave to amend untimely because it was filed six weeks after claims had been dismissed and four days after the dispositive motions deadline). Furthermore, Microsoft does not contend that Plaintiffs delayed their leave request in bad faith. *See Griggs*, 170 F.3d at 881 (stating that amendment should be permitted unless a plaintiff is "merely is seeking to prolong the litigation by adding new but baseless legal theories"). At this stage in the litigation and in the absence of evidence that Plaintiffs' motion was brought in bad faith , the court finds that Plaintiffs' motion was not unduly delayed.

### 2. Microsoft Would Not Be Substantially Prejudiced by Amendment.

Microsoft claims that it would be substantially prejudiced by amendment because it would have to rewrite its class-certification opposition and conduct additional discovery related to the amended claims and new plaintiffs. Microsoft also notes that discovery was expensive and time-consuming the first time around, and additional expensive, time-consuming discovery would be necessary if Plaintiffs amend.

The modifications proposed by Plaintiffs, however, do not substantially alter the nature of the litigation, nor do they require Microsoft to create an entirely new theory of the case. While it is true that Microsoft will have to modify its class-certification opposition and will likely have to conduct some additional discovery based on the amendments, the court finds that the need for additional discovery at this early stage in

ORDER - 7

the litigation is not so prejudicial as to support denial of amendment. *See In re Circuit Breaker Litig.*, 175 F.R.D. 547, 551 (C.D. Cal. 1997) ("The need for additional discovery is insufficient by itself to deny a proposed amended pleading."); *cf. Morongo*, 893 F.2d at 1079 (affirming a finding of prejudice where a proposed amendment greatly altered the nature of the litigation); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (affirming a finding of prejudice where an amendment would necessitate the reopening of discovery).

Despite Microsoft's claims to the contrary, the court also finds that Microsoft is not prejudiced by the fact that Plaintiffs' motion for leave was filed while Microsoft's summary judgment was pending. The timing of Plaintiffs' motion is not substantially prejudicial here, where merits discovery has not even commenced and no trial date has been set. *See DCD Programs*, 833 F.2d 183, 187-88 (finding amendment not prejudicial where discovery had commenced but was not yet closed, and no trial date was pending).

Because Microsoft has not shown that Plaintiffs should not be given leave to amend their complaint, the court GRANTS Plaintiffs' motion.

**D. Microsoft's Summary Judgment Motion is Denied in Part Because it is Premature.**

Plaintiffs' proposed Second Complaint modifies their contract claims listed in the First Complaint. *See* Def.'s Opp'n to Pltfs.' Mot. For Leave (Dkt. # 133) at 9. In light of the fact that the court has granted Plaintiffs leave to amend, Microsoft's motion for summary judgment on the contract claims is premature. It is the court's understanding that the contract claims will be clarified and new plaintiffs will be added, so it would maximize efficiency to adjudicate the updated version of the contract claims as to the updated plaintiffs after amendment. Therefore, in the interest of judicial economy, the

ORDER - 8

court DENIES without prejudice Microsoft's motion for summary judgment on the contract claims.[3]

### IV.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Microsoft's motion for summary judgment (Dkt. # 94) is DENIED without prejudice, except to the extent that it seeks dismissal of all claims asserted by Plaintiffs Univex, Mifsud, and DiDimizio. Plaintiffs' motion for leave to amend their complaint (Dkt. # 130) is GRANTED.

Dated this 21st day of March, 2008.

*(signature)*

The Honorable Richard A. Jones
United States District Judge

---

[3]In their summary judgment opposition brief, Plaintiffs requested that the court revive and grant their Fed. R. Civ. P. 56(f) motion previously denied by the Honorable Ricardo Martinez, U.S. District Judge for the Western District of Washington. *See* Pltfs.' Opp'n at 21; Judge Martinez's Order (Dkt. # 115).  To the extent that this request is not mooted by the court's denial of summary judgment on the contract claims, Plaintiffs' Rule 56(f) motion is denied because they have still not provided this court with any specific reasons why additional discovery would be relevant or necessary.  *See* Judge Martinez's Order at 3-4.

ORDER - 9