The Honorable Richard A. Jones

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

BRIAN JOHNSON, et al.,

No. CV06-0900 RAJ

9

Plaintiffs,

DEFENDANT MICROSOFT
CORPORATION'S OPPOSITION
TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE THEIR THIRD
AMENDED CONSOLIDATED
COMPLAINT

10

vs.

11

12

MICROSOFT CORPORATION, a
Washington corporation,

13

Defendant.

NOTED ON MOTION CALENDAR:
January 8, 2010

14

15

16

17

18

19

20

21

22

23

24

25

26

MICROSOFT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND
Case No. CV06-0900 RAJ

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WASHINGTON 98154-1192
TELEPHONE: (206) 389-1583
FACSIMILE: (206) 389-1708

# I.   SUMMARY

Three and a half years into this putative class action, Plaintiffs seek leave to file a fifth version of their complaint that would eliminate the class allegations and add claims for misrepresentation and injunctive relief. Plaintiffs' proposal is shocking not only for its timing, but also because it appears to be part of a cynical attempt to game the system that continued when they withdrew their second class certification motion on the day their reply brief was due. Indeed, Plaintiffs now claim to want to pursue the case on an individual basis only, even though they previously filed a Second Amended Consolidated Complaint ("Second Amended Complaint") that expanded their proposed class to hundreds of millions of Windows XP users.

Although Plaintiffs' scheme to withdraw their class allegations constitutes a major reversal in strategy, they offer no explanation for it. Even stranger, they propose to add injunctive relief claims after Microsoft's class certification opposition demonstrated that such claims could not be certified because, among other reasons, they were not pled. Plaintiffs' actions suggest they seek to dodge an unfavorable certification decision now with the intent of attempting to re-inject their class allegations when they think their odds for success improve.

This Court should allow Plaintiffs to amend their complaint to withdraw their class allegations *only if the withdrawal is final*. Faced with a proposed class action that seeks hundreds of million in damages, Microsoft invested a huge amount of time and money to oppose class certification *on two separate occasions*, with its most recent opposition consisting of a forty-page brief, five declarations, and hundreds of exhibits. Now that class discovery has ended, the certification question is ripe for adjudication. If Plaintiffs have any intent of ever seeking certification in this case, the time is now.

Microsoft also opposes Plaintiffs' motion to the extent that it seeks to add proposed claims for misrepresentation and injunctive relief. The record shows that Plaintiffs' proposed claims are futile and would not survive a summary judgment motion. Plaintiffs' request to add these claims should also be denied because of their undue delay and the substantial prejudice that

MICROSOFT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND - 1
Case No. CV06-0900 RAJ

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WASHINGTON 98154-1192
TELEPHONE: (206) 389-1583
FACSIMILE: (206) 389-1708

1 would be inflicted upon Microsoft.  Plaintiffs have known about the factual predicate for their

2 proposed claims for more than fifteen months and their untimely addition would unfairly force

3 Microsoft to re-do much of its costly discovery.  If leave to amend is granted, Microsoft should

4 be awarded an amount necessary to reimburse these expenses.

5       Plaintiffs provide no explanation why their decision to withdraw their class allegations

6 was delayed until the eve of the class certification hearing and after Microsoft filed its

7 opposition.  Plainly the timing of this decision was tactical, and Microsoft should be awarded its

8 attorneys' fees and costs incurred in preparing its second class certification opposition.

9 II.    <u>FACTS</u>

10 **A.**    <u>**Plaintiffs' Prior Four Complaints and First Class Certification Motion.**</u>

11       Plaintiff Johnson commenced this action on June 26, 2006.  Within days, five other

12 plaintiffs filed a similar suit against Microsoft in the same Court.  *See Engineered Process*

13 *Controls, LLC ("EPC") v. Microsoft Corp.*, No. 06-0927 (W.D. Wash.).  The complaints

14 proposed nationwide classes of Windows XP users who installed Microsoft's Windows Genuine

15 Advantage ("WGA") Validation software.  *See* Johnson Compl., Dkt. No. 1 ¶ 34; EPC Compl.,

16 Case No. 06-0927, Dkt. No. 1 ¶ 35.  In their two complaints, Plaintiffs asserted eight causes of

17 action, including one for misrepresentation.  *See* Johnson Compl., Dkt. No. 1 ¶¶ 41-78; EPC

18 Compl., Case No. 06-0927, Dkt. No. 1 ¶¶ 44-86.

19       On January 11, 2007, Johnson and the *EPC* plaintiffs consolidated their lawsuits by filing

20 a First Amended Consolidated Complaint ("First Amended Complaint") that asserted a brief

21 class period beginning April 25, 2006 and ending June 26, 2006.  *See* Dkt. No. 22 ¶ 19, 51, 112,

22 122, 133.  Rather than proceeding on all eight claims, Plaintiffs trimmed their case to three –

23 breach of contract, violation of the consumer protection act, and trespass.  *Id.* ¶¶ 67-133.

24 Notably, Plaintiffs dropped their misrepresentation claim.  *Id.*

25       On August 31, 2007, Plaintiffs filed their *first* class certification motion.  *See* Dkt. No.

26 72.  Twelve days before the December 30, 2007 deadline for Microsoft's opposition, however,

MICROSOFT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND - 2
Case No. CV06-0900 RAJ

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WASHINGTON  98154-1192
TELEPHONE: (206) 389-1583
FACSIMILE: (206) 389-1708

1  Plaintiffs unexpectedly withdrew it.  *See* Dkt. No. 126.  Plaintiffs' last-minute maneuver forced

2  Microsoft to scrap its nearly completed class certification opposition.

3         On January 12, 2008, Plaintiffs moved for leave to amend their First Amended

4  Complaint.  *See* Dkt. No. 130.  They sought to expand their proposed two-month class period

5  (April 25, 2006 to June 26, 2006) more than fourteen times (July 25, 2005 to the present), insert

6  an unjust enrichment claim, and add five plaintiffs.  *Id.* at 2-4.  Plaintiffs argued that documents

7  purportedly showing that Microsoft "misrepresented the true nature of the WGA program"

8  justified these amendments.  *Id.* at 4.  On March 21, 2008, the Court granted Plaintiffs' motion,

9  permitting the filing of their Second Amended Complaint.  *See* Dkt. No. 137.

10 **B.     Plaintiffs' Last-Minute Withdrawal of Their Second Class Certification**
       **Motion and Untimely Request to File a Fifth Version of Their Complaint.**

11        On September 15, 2008, Plaintiffs filed their *second* class certification motion.  *See* Dkt.

12 No. 164.  Plaintiffs argued that the case is a "paradigmatic example" of a class action and that

13 prosecuting their claims in a single proceeding would be "superior to separate litigation of

14 individual actions."  *Id.* at 1, 38.  On September 22, 2009, Microsoft filed its class certification

15 opposition and supporting declarations.  *See* Dkt. Nos. 211-16.  When the deadline for Plaintiffs'

16 reply brief arrived, they once again withdrew their class certification motion, *see* Dkt. No. 221,

17 and said that they "intend to file a motion to amend the complaint withdrawing their class claims

18 on the remaining causes of action."  *See* Ex. A.[1]  Plaintiffs provided no explanation for their

19 unusual eleventh-hour decision.

20        On December 14, 2009, Plaintiffs filed their motion for leave to amend yet again.  *See*

21 Dkt. No. 223.[2]  However, in addition to proposing to withdraw their class allegations, Plaintiffs

22 seek to add claims that:  (1) Microsoft made fraudulent and/or negligent misrepresentations

23

24 _____

   [1]  All of the exhibits cited herein are attached to the Declaration of Karl J. Quackenbush in Support of
25 Microsoft's Opposition.

26 [2]  A copy of Plaintiffs' proposed Third Amended Complaint is attached as Exhibit A to their motion for
   leave to amend.

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WASHINGTON  98154-1192
TELEPHONE: (206) 389-1192
FACSIMILE: (206) 389-1708

during the installation of WGA Validation through Microsoft Update, *see* proposed Third Am.

Compl. ¶¶ 48-60, 232-58; (2) Microsoft made fraudulent and/or negligent misrepresentation

during the installation of WGA Validation through Automatic Updates, *see id.* ¶¶ 60-83; and (3)

they are entitled to more than a dozen forms of injunctive relief, *see id.* ¶¶ 218-19.[3]

## III.     ARGUMENT

**A.     Plaintiffs' Request to Withdraw Their Class Allegations Should Be Granted Only If the Withdrawal Is Final.**

        This Court should grant Plaintiffs leave to amend to withdraw their class allegations only

if the withdrawal is final.  Rule 16(b)(3)(A) of the Federal Rules of Civil Procedure "requires the

district court to include in its scheduling order a deadline or other time limitation on amending

the pleadings."  *See AZ Holding, L.L.C. v. Frederick,* 2009 WL 3063314, at *2 (D. Ariz. Sept.

22, 2009).  Without a court-imposed deadline now, Plaintiffs may continue to seek amendments

– including an amendment to re-introduce the class allegations they now purport to want to

withdraw.  Indeed, Plaintiffs' proposed Third Amended Consolidated Complaint ("Third

Amended Complaint") asserts class allegations in the dismissed breach of contract claim even

though they told the Court they would remove all class allegations.  *See* proposed Third Am.

Compl ¶ 85.

        An immediate deadline for seeking further amendments is warranted because Plaintiffs'

conduct shows that they are likely trying to game the system by withdrawing their class

allegations now only to re-inject them later.  Microsoft's recently-filed class certification

opposition demonstrated that Plaintiffs' request for Rule 23(b)(2) certification should be denied

because, among other reasons, they sought predominantly monetary, rather than injunctive,

relief.  *See* Dkt. No. 211, at 11-14.  With their proposal for new injunctive relief claims,

---

[3]  Windows Update and Microsoft Update (collectively "Microsoft Updates") are Web sites that users can visit to choose software they want to download.  *See* Dkt. No. 212 ¶ 16.  By contrast, Automatic Updates is a feature that allows updates to be delivered to users' computers.  *Id.* ¶ 17.  Many users know about Automatic Updates because they have seen the familiar bubble that appears in the lower right corner of computer screens when updates are ready to install.  *Id.*

MICROSOFT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND - 4
Case No. CV06-0900 RAJ

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WASHINGTON  98154-1192
TELEPHONE: (206) 389-1583
FACSIMILE: (206) 389-1708

1  Plaintiffs seek to add the types of claims that one would expect from a plaintiff who attempts to

2  bolster his chances for class certification – not one who purports to withdraw class claims.

3      The deadline for seeking further amendments should be now.  During the more than three

4  and a half years that this case has been pending, Microsoft has prepared two class certification

5  oppositions, and responded to 166 document requests, 92 requests for admission, 43

6  interrogatories, 21 written deposition questions and two Rule 30(b)(6) deposition notices.  *See*

7  Dkt. No. 107 ¶¶ 2-15; Dkt. No. 160 ¶¶ 2-4.  Plaintiffs have had more than ample time – and have

8  obtained more than sufficient discovery – to determine what substantive claims they want to

9  pursue and whether those claims are suitable for class-wide treatment.  As a result, Plaintiffs will

10  suffer no prejudice by the entry of an immediate deadline for seeking further amendments.

11      If the Court does not bar further amendments now, it should at least deny Plaintiffs'

12  request to withdraw their class allegations and set a briefing schedule that allows Microsoft to

13  file a motion to deny certification of the class proposed in Plaintiffs' Second Amended

14  Complaint.  *Vinole v. Countrywide Home Loans, Inc.,* 571 F.3d 935, 939 (9th Cir. 2009) ("[W]e

15  conclude that Rule 23 does not preclude a defendant from bringing a 'preemptive' motion to

16  deny certification.").  Under this Court's orders, Plaintiffs' second class certification motion was

17  due on September 15, 2008, and scheduled for oral argument on December 2, 2009.  *See* Dkt.

18  Nos. 143, 220-21.  Plaintiffs should not be given another opportunity to manipulate the class

19  certification process by seeking to re-assert class allegations later.  Allowing them to do so

20  would violate the civil rules.  *See* Fed. R. Civ. P. 23(c)(1)(A) (requiring court to determine

21  whether to certify an action "[a]t an early practical time after a person sues").

22  **B.    Plaintiffs' Request to Add New Claims Should Be Denied for Three Reasons.**

23      This Court should deny Plaintiffs' request to introduce claims for misrepresentation and

24  injunctive relief.  A district court should deny leave to amend a complaint where the proposed

25  amendment:  (1) is futile; (2) produces an undue delay in litigation; or (3) prejudices the

26

MICROSOFT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND - 5
Case No. CV06-0900 RAJ

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WASHINGTON  98154-1192
TELEPHONE: (206) 389-1583
FACSIMILE: (206) 389-1708

1   opposing party.  *AmerisourceBergen Corp. v. Dialysist West Inc.*, 465 F.3d 956, 951 (9th Cir.

2   2006).  Here, this Court should deny leave to amend for all three reasons.

3           1.      Plaintiffs' Motion Should Be Denied Because Plaintiffs' Proposed
                    New Claims Are Futile.

4           Plaintiffs' motion should be denied on grounds of futility because the factual record

5   contradicts the additional allegations they propose to make.  A proposed amendment is futile if it

6   would not survive a summary judgment motion.  *Gabrielson v. Montgomery Ward & Co.,* 785

7   F.2d 762, 766 (9th Cir. 1986); *Aughe v. Shalala,* 885 F. Supp. 1428, 1433-34 (W.D. Wash.

8   1995).  Here, the evidence of record shows that Plaintiffs' proposed claims for misrepresentation

9   and injunctive relief would be dismissed on summary judgment.

10          Plaintiffs first seek to add a claim that Microsoft made misrepresentations during the

11  installation of WGA Validation through Microsoft Update.  *See* proposed Third Am. Compl. ¶¶

12  48-60, 232-58.  But none of the remaining Plaintiffs claim to have obtained WGA Validation

13  through that Update Service:

14      •   Plaintiff Johnson testified that he installed WGA Validation through Automatic
15          Updates, but not Microsoft Update.  *See* Ex. B at 10; Ex. D at 31-33.

16      •   Plaintiff Sifuentes admitted that he never installed any software from Microsoft
            Update, and instead claimed to have obtained WGA Validation from Automatic
17          Updates.  *See* Ex. B at 10; Ex. E at 37-38.

18      •   The corporate designee of Plaintiff EPC has no recollection of ever visiting
            Microsoft Update to install updates, and said that the company installed WGA
19          Validation through Automatic Updates.  *See* Ex. B at 10; Ex. F at 41.

20      •   Plaintiff Grennan stated that he was uncertain as to how he obtained WGA
            Validation and has no idea whether he ever visited the Microsoft Update Web site.
21          *See* Ex. C at 21; Ex. G at 44-45.

22      •   Plaintiff Verrilli confirmed in both his discovery responses and at his deposition that
23          he installed WGA Validation through Automatic Updates.  *See* Ex. C at 21; Ex. H at
            48-49.

24      •   Plaintiff Weatherill testified that he installed WGA Validation through Automatic
25          Updates and that it was highly unlikely that he obtained WGA Validation through
            Microsoft Update.  *See* Ex. C at 21; Ex. I at 54-55.

26

MICROSOFT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND - 6
Case No. CV06-0900 RAJ

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WASHINGTON  98154-1192
TELEPHONE: (206) 389-1583
FACSIMILE: (206) 389-1708

Next, Plaintiffs seek to add a claim that Microsoft made misrepresentations during the installation of WGA Validation through Automatic Updates (as opposed to Microsoft Update). *See* proposed Third Am. Compl. ¶¶ 60-83. Although Plaintiffs theorize that Microsoft failed to disclose that WGA Validation was installed before they provided consent, *see id.* ¶¶ 64-66, 76, their fantasy cannot be squared with the undisputed facts. Every individual who installed WGA Validation through Automatic Updates was required to accept a WGA End User License Agreement ("WGA EULA") by clicking "I Accept" or "I Agree" *before* installing the software. *See* Dkt. No. 212 ¶ 20. The WGA EULA disclosed in plain language that the software would determine whether the user's computer contained a properly licensed copy of Windows XP. *Id.* ¶ 28(a). If the user did not accept the WGA EULA, the software was not installed. *Id.* ¶ 20.

Plaintiffs have no evidence to the contrary. Plaintiff Johnson remembered accepting the WGA EULA, but did not know, one way or another, whether the software was installed beforehand. *See* Ex. D at 34. Similarly, Plaintiff Verrilli explained that he would have agreed to the installation of WGA Validation because he "cannot imagine the software would install without so selecting." *See* Ex. H at 50. In the face of this fatal evidence, Plaintiffs should not be permitted to inject a baseless claim.

In their final proposed additional claim, Plaintiffs seek to recover various forms of injunctive relief. Under Washington law, however, a plaintiff cannot obtain injunctive relief unless he shows that he has a well-grounded fear of an immediate invasion of a right. *Tyler Pipe Indus., Inc. v. State, Dep't of Revenue,* 96 Wn.2d 785, 792 (1982); *Rubin v. Juanita Shores Condominium Owner's Ass'n,* 2005 WL 3105610, at *4 (Wn. App. Nov. 21, 2005).[4] Here, many of Plaintiffs' proposed claims for injunctive relief are futile because Plaintiffs have no well-

---

[4] Although the claims of Plaintiffs Johnson, Verrilli, and Weatherill are governed by California law, and the claims of Plaintiff Grennan are governed by Oklahoma law, those states impose a similar requirement for obtaining injunctive relief. *Intel Corp. v. Hamidi,* 71 P.3d 296, 303 (Cal. 2003) (holding that an injunction is an "extraordinary remedy" that requires "a showing of likely irreparable injury"); *House of Realty, Inc. v. City of Midwest City,* 109 P.3d 314, 318 (Okla. 2004) (holding that an injunction requires a showing that threatened acts "will, in probability, be committed").

MICROSOFT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND - 7
Case No. CV06-0900 RAJ

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WASHINGTON 98154-1192
TELEPHONE: (206) 389-1583
FACSIMILE: (206) 389-1708

grounded fear that WGA Validation will be forcibly installed on their computers.[5]  Although Plaintiffs seek injunctions that would prevent future installations of WGA Validation, *see* proposed Third Am. Compl. ¶¶ 218-19, Windows XP users have always been able to decline the installation of WGA Validation if they do not want it.  *See* Dkt. No. 212 ¶¶ 4-5.  Plaintiffs Verrilli and Weatherill admitted as much when they testified that they clicked an "I Agree" button before installing WGA Validation.  *See* Ex. H at 50-51; Ex. I at 57-58.

Almost all of Plaintiffs' other requested injunctions are futile in light of this Court's summary judgment ruling that an Internet Protocol address ("IP Address") is not personally identifiable information.  *See* Dkt. No. 206, at 7.  In seeking injunctions that would require Microsoft to delete the data WGA Validation collected, impose a constructive trust on that data, and/or conduct an independent audit of it, *see* proposed Third Am. Compl. ¶¶ 218-19, Plaintiffs continue to rely on their rejected assertion that an IP address constitutes personally identifiable information.  *Id.* ¶¶ 47, 183, 210.  Without a viable theory that Microsoft collected information that infringed upon Plaintiffs' rights, they are not entitled to these forms of injunctive relief.

Plaintiffs' remaining requested injunctions seek a tool for removing WGA Validation and disgorgement of revenues.  *See* proposed Third Am. Compl. ¶¶ 218-19.  But these forms of relief are already part of Plaintiffs' unjust enrichment and trespass claims.  *See* Second Am. Compl. ¶¶ 85, 195.  If Plaintiffs wanted to add these requests for relief to their CPA claim, they should have done so when they added them to their other claims in April 2008.  *Id.*

2.    Plaintiffs' Motion Should Be Denied Because of Their Undue
      Delay in Seeking Leave to Amend.

This Court should also deny Plaintiffs' motion based on undue delay.  Courts refuse leave to amend when there is an unreasonable delay between learning a relevant fact and seeking leave.  *AmerisourceBergen*, 465 F.3d at 953.  In assessing whether delay is unreasonable, courts

---

[5]  For example, Plaintiffs seek to add injunction claims for:  (a) the provision of a tool that would allow users to decline WGA Validation; (b) the reconfiguration of WGA Validation as an opt-in program; and (c) the uncoupling of WGA from security updates.  *See* proposed Third Am. Compl. ¶¶ 218-19.

MICROSOFT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND - 8
Case No. CV06-0900 RAJ

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WASHINGTON  98154-1192
TELEPHONE: (206) 389-1583
FACSIMILE: (206) 389-1708

1   inquire into when the moving party knew or should have known the facts and theories raised in

2   the amendment.  *Id.*

3       The record here shows that Plaintiffs were aware, or should have been aware, of the facts

4   underlying their proposed misrepresentation claims no later than September 2008 – *fifteen*

5   *months before they sought leave to amend*.  For example, Plaintiffs' proposed misrepresentation

6   claims are premised upon the allegedly deceptive screenshots that were presented during the

7   installation of WGA Validation.  When Microsoft served its supplemental interrogatory answers

8   in September 2008, Plaintiffs possessed the screenshots that depicted the users' experience

9   through both Microsoft Update and Automatic Updates, descriptions of the disclosures that were

10  presented to users, and explanations of the timing of the installation of WGA Validation in

11  relation to users' acceptance of the WGA EULA.  *See* Exs. J and K.

12      Plaintiffs should have known about their proposed injunctive relief claims even earlier.

13  Their proposed Third Amended Complaint proposes to tack on injunctive remedies that are

14  based on the same CPA violations they alleged in their April 7, 2008 Second Amended

15  Complaint.  Even if they could establish that they should not have known about the proposed

16  injunctive relief claims in April 2008, they most certainly knew about them on September 15,

17  2008, when they sought class certification for many of the same requests for injunctive relief that

18  they now seek to add to their complaint.  *See* Dkt. No. 164, at 34.

19      Courts have denied leave to amend based on delays as short as six months.  *See*

20  *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988) (denying motion where

21  plaintiffs "did not give notice of their intention to amend their complaint until … at least six

22  months after they had become aware of the new claims").  Although Plaintiffs should have

23  known about facts underlying their proposed claims at least fifteen months ago, they remained

24  idle and allowed the case to proceed solely upon the claims set forth in the Second Amended

25  Complaint.  Plaintiffs' dilatory conduct warrants denial of leave to amend.

26

MICROSOFT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND - 9
Case No. CV06-0900 RAJ

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WASHINGTON  98154-1192
TELEPHONE: (206) 389-1583
FACSIMILE: (206) 389-1708

3.  Plaintiffs' Motion Should Be Denied Because the Proposed
Amendments Would Cause Microsoft Substantial Prejudice.

This Court should also deny Plaintiffs' motion because the proposed amendments would cause Microsoft to suffer substantial prejudice by having to re-do its discovery and internal investigations.  *See Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (affirming denial of leave to amend in light of the "voluminous and protracted discovery … expense, delay, and wear and tear on individuals and companies").  Microsoft tailored its discovery requests, deposition questions, and internal fact-gathering to the allegations in both the First and Second Amended Complaints.  If Plaintiffs are once again granted leave to amend, Microsoft will be forced to re-do its internal inquiries and the discovery that it took from each of the Plaintiffs scattered around the country.  By way of example, this would require Microsoft to determine how each Plaintiff purportedly saw statements on Microsoft Update even though they admitted to not using that Update Service.

The prejudice that would result from additional discovery is exacerbated by the time spent and costs incurred during the first go-around.  Microsoft spent more than four and a half months trying to get complete answers to the single set of March 9, 2007 discovery requests served on the original plaintiffs.  Microsoft sent eight deficiency letters and participated in two meet and confer sessions, all to no avail.  *See* Dkt. No. 32 ¶¶ 3-11.  Ultimately, an order compelling discovery proved necessary.  *See* Dkt. Nos. 44 & 46.

Now that Microsoft has completed the exhausting process of collecting the evidence for its defense, Plaintiffs seek to inject a new set of claims.  Microsoft should not be required to re-take discovery, especially when Plaintiffs have exhibited a pattern of delay.  This Court should refuse to allow Plaintiffs to cause further prejudice and deny their motion.

**C.  If the Court Grants Leave to Amend, It Should Require Plaintiffs to Compensate Microsoft for Its Class Certification Opposition and any Additional Discovery.**

If this Court grants Plaintiffs' motion and allows the filing of their proposed Third Amended Complaint, it should require Plaintiffs to reimburse Microsoft for its attorneys' fees,

MICROSOFT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND - 10
Case No. CV06-0900 RAJ

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WASHINGTON  98154-1192
TELEPHONE: (206) 389-1583
FACSIMILE: (206) 389-1708

costs, and other expenses for the discovery relating to their new claims. Courts routinely impose

such a condition where, as here, a plaintiff seeks to add claims after a defendant has taken its

discovery. *General Signal Corp. v. MCI Telecomm. Corp.,* 66 F.3d 1500, 1514 (9th Cir. 1995)

(affirming grant of leave to amend conditioned upon "compensate[ing] the opposing party for

additional costs incurred"); *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1388 (9th Cir. 1990)

(affirming denial of leave to amend even though plaintiffs "offered to reimburse [defendants] for

any additional discovery expenses" because "their offer does not take into account the

opportunity costs to the Bank when its officers spend time in the discovery process"); *G & C*

*Auto Body Inc. v. GEICO Gen. Ins. Co.,* 2008 WL 687371, at *4 (C.D. Cal. Mar. 11, 2008)

(granting leave to amend because the court "can cure any prejudice by reopening discovery and

shifting any additional discovery costs to GEICO.").

  If Plaintiffs are granted leave to introduce their proposed claims, Microsoft will need to

re-serve written discovery and re-take depositions to ask about each Plaintiff's experience in

installing WGA Validation, their use of the Update Service, and the forms of relief they seek.

Because the expenses for this additional discovery would have been significantly lessened if

Plaintiff had acted in a timely manner, they should be responsible for paying them.

  If leave to amend is granted, the Court should also order Plaintiffs to reimburse Microsoft

for the expenses incurred in defending against their second class certification motion and set a

date for submission of a fee petition. By the time Plaintiffs made their last-minute decision to

withdraw their class certification motion *for the second time*, Microsoft had already incurred

substantial expense in drafting its September 22, 2009 class certification opposition and

preparing for the December 2, 2009 oral argument. Plaintiffs offer no explanation for the timing

of this maneuver other than to say that is when they made the decision to withdraw their class

certification motion for the second time. *See* Dkt. No. 223, at 1. There is no reason why

Plaintiffs could not have made this decision much sooner, sparing Microsoft the enormous

amount of time and money it spent. *See Collaboration Properties, Inc. v. Tandberg ASA,* 2006

MICROSOFT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND - 11
Case No. CV06-0900 RAJ

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WASHINGTON 98154-1192
TELEPHONE: (206) 389-1583
FACSIMILE: (206) 389-1708

WL 2398763, at *3 (N.D. Cal. Jun. 27, 2006) ("[C]ourts have broad power to impose reasonable conditions on amendment").

**D.    Plaintiff Ellis Cannot Obtain Leave to Amend Because He Voluntarily Dismissed His Claims With Prejudice.**

Plaintiffs' motion should be denied to the extent that it seeks amendments concerning Plaintiff Ellis because he voluntarily dismissed his claims with prejudice.  *See* Dkt. No. 210.  A trial court is precluded from granting leave to amend a complaint after a judgment has been entered unless the judgment is first re-opened.  *Slezak v. TCIF,* 324 Fed. App'x 652, 653 (9th Cir. 2009); *Lindauer v. Rogers,* 91 F.3d 1355, 1357 (9th Cir. 1996).  A voluntary dismissal with prejudice is the equivalent of a judgment because both operate as adjudications on the merits. *Amadeo v. Principal Mut. Life Ins. Co.,* 290 F.3d 1152, 1160 (9th Cir. 2002).  A court may not grant leave to amend following a dismissal with prejudice because it loses jurisdiction over the dismissed claims and cannot issue further orders pertaining to them.  *Duke Energy Trading & Mktg., L.L.C. v. Davis,* 267 F.3d 1042, 1049 (9th Cir. 2001); *see also Lindauer,* 91 F.3d at 1357 ("[B]ecause judgment had been entered and not reopened … the district court was without power to hear the motion.").

Because Plaintiff Ellis voluntarily dismissed his claims with prejudice and never moved to re-open his case, *see* Dkt. No. 210, he cannot obtain leave to amend.

## IV.    CONCLUSION

For the reasons stated above, Microsoft respectfully requests that the Court:  (1) allow Plaintiffs to withdraw the class allegations relating to their remaining claims by striking them from the Second Amended Complaint; (2) impose an immediate deadline for seeking leave for any further amendments as required by Fed. R. Civ. P. 16(b)(3)(A); and (3) deny Plaintiffs' request to file their proposed Third Amended Complaint.

//

//

//

MICROSOFT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND - 12
Case No. CV06-0900 RAJ

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WASHINGTON  98154-1192
TELEPHONE: (206) 389-1583
FACSIMILE: (206) 389-1708

DATED this 4th day of January, 2010.

s/Karl J. Quackenbush
Karl J. Quackenbush, WSBA # 9602
Gavin W. Skok, WSBA # 29766
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA  98154
Tel:  (206) 624-3600
Fax: (206) 389-1708
kquackenbush@riddellwilliams.com
gskok@riddellwilliams.com

Charles B. Casper, admitted *pro hac vice*
Gregory J. Hauck, admitted *pro hac vice*
MONTGOMERY, MCCRACKEN,
    WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA  19109-1029
Tel:  (215) 772-1500
Fax: (215) 772-7620
ccasper@mmwr.com
ghauck@mmwr.com

Attorneys for Defendant
MICROSOFT CORPORATION

MICROSOFT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND - 13
Case No. CV06-0900 RAJ

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WASHINGTON  98154-1192
TELEPHONE: (206) 389-1583
FACSIMILE: (206) 389-1708

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2010, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David Breskin

Alan Himmelfarb

William Houck

Daniel Johnson

Scott Kamber

Todd Nunn

Roger Townsend

Jess Webster

/s/Karl J. Quackenbush
Karl J. Quackenbush, WSBA # 9602
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Tel: (206) 624-3600
Fax: (206) 389-1708
kquackenbush@riddellwilliams.com

MICROSOFT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND - 14
Case No. CV06-0900 RAJ

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WASHINGTON 98154-1192
TELEPHONE: (206) 389-1583
FACSIMILE: (206) 389-1708