HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN JOHNSON, et al.,

    Plaintiffs,

v.

MICROSOFT CORPORATION,

    Defendant.

CASE NO. C06-900RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiffs' motion for leave to amend their complaint (Dkt. # 223). The court has considered the parties' briefing and supporting evidence, and has heard from the parties at oral argument. For the reasons explained below, the court GRANTS IN PART and DENIES IN PART the motion.

## II. BACKGROUND

In April 2008, Plaintiffs filed the second amended complaint in this putative class-action lawsuit against Defendant Microsoft Corporation ("Microsoft") based on

ORDER – 1

Microsoft's distribution of Windows Genuine Advantage ("WGA") software, alleging claims for unjust enrichment, breach of End User License Agreement ("EULA") contracts, violation of Washington's Consumer Protection Act, and trespass to chattels, nuisance and interference with property.  In September 2008, Plaintiffs filed a motion for class certification.  In June 2009, the court granted Microsoft's moved for summary judgment against the breach-of-contract claims.  In August 2009, Plaintiff Charles Ellis voluntarily dismissed his claims against Microsoft with prejudice, and subsequently filed a notice of appeal.  In September 2009, Microsoft filed its Opposition to Plaintiffs' class-certification motion.  On November 20, 2009, the class-certification motion's noting date, the Plaintiffs withdrew the motion, and thereafter indicated an intent to withdraw class allegations.  Plaintiffs filed a motion for leave to amend their complaint, proposing an amended complaint that would eliminate most (but not all) class allegations, add a new cause of action and related allegations, and specify injunctive relief sought.

Microsoft opposes the addition of the new cause of action and related allegations, and the modified injunctive relief section; it does not oppose the elimination of the class claims, so long as the Plaintiffs do not re-inject them at a later point in the proceeding. Microsoft also requests leave to file a fee petition for the expenses incurred as a result of defending against Plaintiffs' class-certification motion, and, if Plaintiffs are allowed to add a new cause of action, leave to file a fee petition for additional discovery costs incurred as a result of the amendments.

### III.   ANALYSIS

Fed. R. Civ. P. 15(a)(2) provides that leave to amend a pleading "shall be freely given when justice so requires."  Amendments are generally allowed absent bad faith, undue delay, futility, or prejudice to the opposing party.  *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003).

**1.    Plaintiffs Shall Not Add a Cause of Action or Related Factual Allegations.**

ORDER – 2

Plaintiffs initially proposed adding a new cause of action for fraudulent misrepresentation, negligent misrepresentation, and fraudulent concealment, and included additional factual allegations to support that cause of action.  *See* Proposed Third Amended Consolidated Complaint ("Proposed TACC") (Dkt. #223) ¶¶ 48-83, 232-258. Microsoft opposed those additions in its Opposition, and Plaintiffs agreed to withdraw those proposed amendments in their Reply.  Thus, based on Plaintiffs' agreement, the court DENIES Plaintiffs' motion insofar as it seeks to add ¶¶ 48-83, 232-58.

**2.    Plaintiffs Shall Not Amend the Complaint to Seek Additional Forms of Injunctive Relief.**

Plaintiffs' proposed amendments also include specifying a number of new remedies sought, specifically the injunctive relief detailed at Proposed TACC ¶¶ 218-219. Microsoft opposed these amendments on the grounds of futility and delay, and contended that they would require additional discovery.  At oral argument, Plaintiffs' counsel explained that the injunctive relief amendments were proposed in the interest of specificity, but that Plaintiffs would prefer to eliminate those paragraphs rather than face the imposition of terms or the need to take additional discovery.  Thus, with Plaintiffs' preference in mind, the court DENIES Plaintiffs' motion to amend insofar as it seeks to add new forms of injunctive relief.

**3.    Plaintiffs Shall Withdraw All Class Allegations.**

The Proposed TACC eliminates most of the class allegations, but includes class claims with respect to the breach-of-contract claim previously dismissed on summary judgment and appealed.  *See* Proposed TACC ¶ 84.  Plaintiffs contend that they must include these claims in an amended complaint to preserve appellate rights, but did not any authority on point to support that proposition.  Microsoft, however, submitted a case concluding that an amended complaint need not include claims previously dismissed on summary judgment in order to preserve appellate rights.  *See USS-POSCO Indus. v.*

ORDER – 3

*Contra Costa County Bldg. & Const.*, 31 F.3d 800, 811-12 (9th Cir. 1994). Therefore, because the class claims need not be included for appellate purposes and would create unnecessary confusion if they were included, the court GRANTS Plaintiffs' motion insofar as it seeks to withdraw class claims, but clarifies that all class claims should be withdrawn.

### 4. Microsoft May File a Petition for Expenses Incurred in Defending Against the Withdrawn Class-Certification Motion.

The court has broad authority to impose reasonable conditions upon amendment. *See Collaboration Prop., Inc. v. Tandberg ASA*, 2006 WL 2398763, at *3 (N.D. Cal. June 27, 2006) (*citing Firchau v. Diamond Nat'l Corp.*, 345 F.2d 269, 275 (9th Cir. 1965) (authorizing compensation for expense caused by the plaintiff's failure to file adequate pleading in the first place)). Microsoft has requested leave to file a petition for the expenses incurred in defending against Plaintiffs' withdrawn class-certification motion, and the court agrees that this is an appropriate condition on the Plaintiffs' amendment.

The court finds this to be appropriate because of the Plaintiffs' delay in withdrawing the class-certification motion and seeking amendment. Though the Plaintiffs highlight that the class claims were withdrawn prior to argument or ruling on the class-certification motion, Plaintiffs fail to explain how this should comfort Microsoft, who incurred expense that could have been avoided if the Plaintiffs had evaluated its case anytime between the court's summary judgment ruling (June 23, 2009) and Microsoft's due date for the class-certification Opposition (September 22, 2009). Instead, the Plaintiffs decided to withdraw the motion on its noting date. It is true that as a result, Microsoft achieved its goal (in that class claims were eliminated), but that does not change the fact that Microsoft was required to expend resources that were eventually rendered unnecessary by Plaintiffs' withdrawal.

ORDER – 4

Thus, while Plaintiffs maintain a "no harm, no foul" perspective, it is too late for that argument. If Plaintiffs had withdrawn their class-certification motion before Microsoft had prepared its Opposition, that could be a "no harm, no foul" situation. But here, the "harm" was irreversibly inflicted when Plaintiffs' motion required Microsoft to prepare a defense, and it is not mollified by Plaintiffs' willingness to eliminate some of the additions to the Proposed TACC. Under these circumstances, the court finds that it is appropriate for the Plaintiffs to reimburse Microsoft for costs related to defending against the class-certification motion.

**5.    The Parties Shall Meet and Confer to Discuss a Proposed Case Schedule.**

As discussed at oral argument, this case needs a new scheduling order in light of the events of the past few months. Counsel represented that they would discuss scheduling matters among themselves and file a proposed scheduling order within ten days of the date of this order.

## IV.  CONCLUSION

For the reasons stated above, Plaintiffs' motion (Dkt. # 223) is GRANTED IN PART and DENIED IN PART. The parties shall file an agreed proposed case schedule no later than January 25, 2010. The Plaintiffs shall file an amended complaint that conforms with this order no later than January 29, 2010. The Defendant may file a fee petition no later than February 12, 2010. The Plaintiffs may file an opposition to the fee petition no later than February 26, 2010, and the Defendant may file a reply brief no later than March 5, 2010.

DATED this 15th day of January, 2010.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 5